## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WESTERN SURETY COMPANY,
a South Dakota surety company,

      Plaintiff,

v

FUTURENET GROUP, INC., a Michigan
corporation, MOTOR CITY DEVELOPER, LLC
f/k/a FUTURENET DEVELOPER, LLC, a limited
liability company, FUTURENET SECURITY
SOLUTIONS, LLC, a limited liability company,
PARIMAL MEHTA, individually, DIPIKA
MEHTA, individually, JIGNESH MEHTA,
individually, and CAPITAL FUNDING
SOLUTIONS, INC.,

      Defendants.

_____

## **COMPLAINT**

    **NOW COMES** Plaintiff, Western Surety Company ("Western"), by its

attorneys, Kerr, Russell and Weber, PLC, and for its Complaint against FutureNet

Group, Inc., Motor City Developer, LLC f/k/a FutureNet Developer, LLC,

FutureNet Security Solutions, LLC, Parimal Mehta, Dipika Mehta, Jignesh Mehta,

and Capital Funding Solutions, Inc., states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Western is a South Dakota surety company organized and operating under the laws of the State of South Dakota with its principal place of business in the State of South Dakota, and is thus a citizen of South Dakota.

2.      Upon information and belief, FutureNet Group, Inc. ("FutureNet Group") is a corporation organized under the laws of the State of Michigan with its principal place of business in the City of Detroit, State of Michigan, and is thus a citizen of Michigan.

3.      Upon information and belief, Motor City Developer, LLC f/k/a FutureNet Developer, LLC ("Motor City") is a Michigan limited liability company organized under the laws of the State of Michigan with its principal place of business in the City of Detroit, State of Michigan.  Upon information and belief, Motor City's members include Parimal Mehta, Dipika Mehta and Jignesh Mehta, and/or FutureNet Group all of whom are citizens of the State of Michigan, as set forth herein.

4.      Upon information and belief, FutureNet Security Solutions, LLC ("FutureNet Security") is a Michigan limited liability company organized under the laws of the State of Michigan with its principal place of business in Nashville, Tennessee and registered offices in Detroit, Michigan.  Upon information and

belief, FutureNet Security's members include Parimal Mehta, Dipika Mehta and Jignesh Mehta and/or FutureNet Group, all of whom are citizens of the State of Michigan, as set forth herein.

5.      Upon information and belief, Parimal Mehta ("Parimal Mehta") is an individual who resides in the City of Novi, State of Michigan, and is thus a citizen of the State of Michigan.

6.      Upon information and belief, Dipika Mehta, ("Dipika Mehta") is an individual who resides in the City of Novi, State of Michigan, and is thus a citizen of the State of Michigan.

7.      Upon information and belief, Jignesh Mehta ("Jignesh Mehta") is an individual who resides in the City of Farmington Hills, State of Michigan, and is thus a citizen of the State of Michigan.

8.      FutureNet Group, Motor City, FutureNet Security, Parimal Mehta, Dipika Mehta, and Jignesh Mehta are sometimes hereinafter referred to collectively as the "Indemnitors."

9.      Upon information and belief, Capital Funding Solutions, Inc. ("Capital") is a Florida corporation with its principal place of business in Hollywood, Florida and is thus a Florida citizen.

10.     This Court has jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) because the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and is between citizens of different states.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) because some or all Defendants are residents of this district and the State of Michigan.

## COMMON ALLEGATIONS

12.     Western incorporates paragraphs 1 through 11 as though fully set forth here.

13.     FutureNet was engaged as a contractor on a number of construction projects identified as follows:

| Project |
| --- |
| Corps of Engineers-Repairs Water Storage Tank, Ft. Detrick, MD |
| Aberdeen Proving Grounds, C41SR Facilities, Aberdeen, MD |
| DoA Chaplain Bay Storage Facility |
| DoA 4-10 Headquarters Buildings |
| USA Ft. Brag Renovate Tolson Pool Project |
| USA Charleston Air Force Base Repair HVAC Project |
| Northerly Island Restoration Project, Chicago, IL |
| Corps of Engineers Training Building Conversion, Kokomo, IN |
| Corps of Engineers Taxiway at Grissom Air Force Base Project |
| Dept. of Air Force Building 1112 Base Ops Renovations Project |

| Project |
| --- |
| Dept. of Air Force Group Ops Renovations, Tampa, FL |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI |
| Contract #FA4814-12-D-0002-0006 - Repair Rubber Flooring – Hanger 3 Project |
| Selfridge Air National Guard Base Control Tower Project, MI |
| Contract #FA4814-12-D-0002-0007 - 6th Air Mobility Wing (AMC) MacDill Project |
| Repair SOCOM Roof - Building 504, MacDill Air Force Base Project |
| MacDill Access Gate Project, Tampa, FL |
| Renovate Deployed Unit Complex - Building 70 - MacDill AFB Project |
| Dept. of Air Force Dorm Recreation Centers Project, Tampa, FL |
| Dept. of Air Force HVAC Building 1043 Project |
| Dept. of Air Force Repair Maintenance Hanger 2 Project, Tampa, FL |
| Camp Grayling Building 1192 Project, Michigan |
| Fort Custer Building 2902, Michigan |
| Dept. of Air Force Renovate Marcent Ops Building Project |
| Fort Custer Building 2410, Michigan |
| Camp Grayling Building 1158 Project, Michigan |
| Camp Grayling Building 1182 Project, Michigan |
| Dept. of Air Force Paint Safety Markers on Hanger Doors Project |
| Fort Custer Building 2420, Michigan |
| Contract #W912JB-11-D-4006-0011 Project |
| Contract #W912JB-11-D-4006-0012 |
| Corps of Engineers NRI Roof Repairs Project |
| Renovations at AMSA Tampa Project, Tampa, FL |
| Corps of Engineers Levee Pump Station 7 Project |
| CDBG Demolition Group 2B, Detroit, MI |
| RFP 47214-Grp 1a - Demolition of Residential & Commercial Properties Project |
| CDBG Demolition Group 3C, Detroit, MI |

All of the foregoing projects are sometimes hereinafter referred to collectively as the "Projects." True and correct copies of the contracts ("Contracts") for the Projects are in the possession of the Indemnitors.

14.      In connection with the Projects, Western issued performance and payment bonds, which bonds are identified as follows:

| Project | Bond No. |
|---|---|
| Corps of Engineers-Repairs Water Storage Tank, Ft. Detrick, MD | 929522921 |
| Aberdeen Proving Grounds, C41SR Facilities, Aberdeen, MD | 929548250 |
| DoA Chaplain Bay Storage Facility | 929558789 |
| DoA 4-10 Headquarters Buildings | 929558798 |
| USA Ft. Brag Renovate Tolson Pool Project | 929558808 |
| USA Charleston Air Force Base Repair HVAC Project | 929558816 |
| Northerly Island Restoration Project, Chicago, IL | 929562701 |
| Corps of Engineers Training Building Conversion, Kokomo, IN | 929573204 |
| Corps of Engineers Taxiway at Grissom Air Force Base Project | 929573214 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project | 929573217 |
| Dept. of Air Force Group Ops Renovations, Tampa, FL | 929581500 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI | 929581507 |
| Contract #FA4814-12-D-0002-0006 - Repair Rubber Flooring – Hanger 3 Project | 929581509 |
| Selfridge Air National Guard Base Control Tower Project, MI | 929581512 |
| Contract #FA4814-12-D-0002-0007 - 6th Air Mobility Wing (AMC) MacDill Project | 929581514 |
| Repair SOCOM Roof - Building 504, MacDill Air Force Base Project | 929581515 |
| MacDill Access Gate Project, Tampa, FL | 929581516 |

| Project | Bond No. |
|---|---|
| Renovate Deployed Unit Complex - Building 70 - MacDill AFB Project | 929581517 |
| Dept. of Air Force Dorm Recreation Centers Project, Tampa, FL | 929581518 |
| Dept. of Air Force HVAC Building 1043 Project | 929581521 |
| Dept. of Air Force Repair Maintenance Hanger 2 Project, Tampa, FL | 929581522 |
| Camp Grayling Building 1192 Project, Michigan | 929581524 |
| Fort Custer Building 2902, Michigan | 929581525 |
| Dept. of Air Force Renovate Marcent Ops Building Project | 929581526 |
| Fort Custer Building 2410, Michigan | 929581527 |
| Camp Grayling Building 1158 Project, Michigan | 929581528 |
| Camp Grayling Building 1182 Project, Michigan | 929581529 |
| Dept. of Air Force Paint Safety Markers on Hanger Doors Project | 929581530 |
| Fort Custer Building 2420, Michigan | 929581531 |
| Contract #W912JB-11-D-4006-0011 Project | 929581532 |
| Contract #W912JB-11-D-4006-0012 | 929581533 |
| Corps of Engineers NRI Roof Repairs Project | 929581534 |
| Renovations at AMSA Tampa Project, Tampa, FL | 929581535 |
| Corps of Engineers Levee Pump Station 7 Project | 929581536 |
| CDBG Demolition Group 2B, Detroit, MI | 929585562 |
| RFP 47214-Grp 1a - Demolition of Residential & Commercial Properties Project | 929585571 |
| CDBG Demolition Group 3C, Detroit, MI | 929585572 |

The performance and payment bonds identified above are hereinafter referred to collectively as the "Bonds."

15. On or about November 12, 2012, the Indemnitors executed a General Agreement of Indemnity (the "Indemnity Agreement"), effective October 31, 2012, in favor of Western, a copy of which is attached as Exhibit A.

16.     In reliance upon the Indemnity Agreement, Western, as surety, executed the Bonds, true and correct copies of which are in the possession of the Indemnitors.

17.     The provisions of the Indemnity Agreement apply with respect to all "Bonds," as defined in the Indemnity Agreement.  Exhibit A.

18.     The existence and execution of the Indemnity Agreement was a condition precedent to Western's agreement to issue the Bonds.

19.     As a result of FutureNet Group's alleged default in connection with the Projects, Western received claims ("Claims") against the Bonds in an amount in excess of $7,613,463.00 from claimants ("Claimants") identified in Exhibit B.

20.     To date, Western has paid the  following claims against its Bonds:

**Payment Bond Claims Paid**

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| Corps of Engineers-Repairs Water Storage Tank, Ft. Detrick, MD (Bond No. 929522921) | Doug Dysert Poured Walls | $57,482.00 |
| Corps of Engineers-Repairs Water Storage Tank, Ft. Detrick, MD (Bond No. 929522921) | Iacoboni Site Specialist | $162,016.00 |
| Corps of Engineers-Repairs Water Storage Tank, Ft. Detrick, MD (Bond No. 929522921) | Mick's Plumbing | $36,088.00 |
| Corps of Engineers-Repairs Water Storage Tank, Ft. Detrick, | Simpson | $53,626.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| MD (Bond No. 929522921) | | |
| Corps of Engineers-Repairs Water Storage Tank, Ft. Detrick, MD (Bond No. 929522921) | TCP Electric | $19,056.00 |
| Selfridge Air National Guard Base Control Tower Project, MI (Bond No. 929581512) | Pontiac Ceiling and Partition | $251,502.00 |
| Selfridge Air National Guard Base Control Tower Project, MI (Bond No. 929581512) | TF Beck Company | $24,128.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | ADI Pool & Spa | $30,510.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | Bradshaw Concepts | $4,459.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | Brock Contract Services | $9,346.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | CAM Contractors | $7,234.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | Infinity Fire Protection | $11,348.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | LSCAR LLC | $8,500.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | Sunbelt Rentals | $12,365.00 |
| USA Ft. Brag Renovate Tolson Pool Project Bond No. 929558808) | Sylvester & Cockrum Inc. | $38,404.00 |
| USA Charleston Air Force Base | Champion Systems | $1,178.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| Repair HVAC Project (Bond No. 929558816) | | |
| USA Charleston Air Force Base Repair HVAC Project (Bond No. 929558816) | ICRC Solutions | $17,666.00 |
| USA Charleston Air Force Base Repair HVAC Project (Bond No. 929558816) | Pond & Company | $36,840.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | CJ Erickson | $53,445.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Edlin Construction | $175,812.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Encap, Inc. | $661,510.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Griffin Dewatering | $128,350.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Illinois Truck & Equipment | $11,772.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Industria Construction | $31,000.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Lemke Stone | $16,656.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Ozinga Materials | $179,121.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Patten Industries | $60,158.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Terracon | $20,605.00 |
| Northerly Island Restoration Project, Chicago, IL (Bond No. 929562701) | Xylem | $168,523.00 |
| Corps of Engineers Taxiway at Grissom Air Force Base Project (Bond No. 929573214) | CKS Hydroservices | $170,000.00 |
| Corps of Engineers Taxiway at Grissom Air Force Base Project (Bond No. 929573214) | E & B Paving, Inc. | $1,148,825.00 |
| Corps of Engineers Taxiway at Grissom Air Force Base Project (Bond No. 929573214) | Patroit Landscaping | $11,000.00 |
| Corps of Engineers Taxiway at Grissom Air Force Base Project (Bond No. 929573214) | Riverside Landscaping | $47,500.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | American Fence | $7,882.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | American Mechanical, Inc. | $126,180.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Blackmore & Glunt | $18,607.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | C&C Group | $47,655.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Cleary Zimmerman Eng. | $19,868.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project | Daikin Applied | $49,205.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| (Bond No. 929573217) | | |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Drywall Systems, Inc. | $10,000.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Engineered Door Products | $7,680.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | F&H Insulation | $35,000.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | FBM | $10,483.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Hajoca | $8,616.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Heaving Engineering | $10,085.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Kan-Tech, Inc. | $10,059.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Martin K. Eby | $9,850.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | McDaniel Company | $83,218.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Southwestern Electrical | $131,024.00 |
| Dept. of Air Force Building 1112 Base Ops Renovations Project (Bond No. 929573217) | Superior Masonry & Stucco | $2,141.00 |
| Dept. of Air Force Building 1112 | Vitzium Commercial | $4,190.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| Base Ops Renovations Project (Bond No. 929573217) | Flooring | |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | Alpine Engineering | $8,421.00 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | Arkansas Laminating | $32,182.00 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | ERG Environmental Services | $13,682.00 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | Fessler Bowman Inc. | $143,596.00 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | Foundation Services Corp. | $145,950.00 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | Mutual Electric | $46,980.00 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | PSI | $16,446.00 |
| U.S. Dept. of Interior Visitor Center Project, Trenton, MI (Bond No. 929581507) | Vertex Steel | $29,680.00 |
| Selfridge Air National Guard Base Control Tower Project, MI (Bond No. 929581512) | Pontiac Ceiling and Partition | $251,502.00 |
| Selfridge Air National Guard Base Control Tower Project, MI (Bond No. 929581512) | TF Beck Company | $24,128.00 |
| McDill Access Gate Project, Tampa, FL (Bond No. 929581516) | Powercore, Inc. | $22,510.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| Dept. of Air Force Dorm Recreation Centers Project, Tampa, FL (Bond No. 929581518) | Sabal Construction | $6,050.00 |
| Dept. of Air Force HVAC Building 1043 Project (Bond No. 929581521) | American Mechanical Solutions | $183,762.00 |
| Dept. of Air Force HVAC Building 1043 Project (Bond No. 929581521) | Bates Electric | $16,341.00 |
| Dept. of Air Force HVAC Building 1043 Project (Bond No. 929581521) | Frank Daughtry Architects | $5,510.00 |
| Dept. of Air Force Repair Maintenance Hanger 2 Project, Tampa, FL (Bond No. 929581522) | National Engineering & Repair Co. | $138,500.00 |
| Camp Grayling Building 1192 Project, Michigan (Bond No. 929581524) | Dunn Rite Construction | $79,476.00 |
| Camp Grayling Building 1192 Project, Michigan (Bond No. 929581524) | SSOE | $24,210.00 |
| Fort Custer Building 2902, Michigan (Bond No. 929581525) | Doug Dysert Poured Walls | $40,000.00 |
| Fort Custer Building 2902, Michigan (Bond No. 929581525) | Electrical Construction, Inc. | $5,737.00 |
| Fort Custer Building 2902, Michigan (Bond No. 929581525) | James J. Fulton & Sons | $63,129.00 |
| Fort Custer Building 2902, Michigan (Bond No. 929581525) | Patterson Plumbing | $6,300.00 |
| Fort Custer Building 2902, Michigan (Bond No. 929581525) | RW Lapine | $21,563.00 |
| Fort Custer Building 2902, Michigan (Bond No. 929581525) | SSOE | $28,360.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| Dept. of Air Force Renovate Marcent Ops Building Project (Bond No. 929581526) | American Mechanical Solutions | $237,600.00 |
| Dept. of Air Force Renovate Marcent Ops Building Project (Bond No. 929581526) | Bates Electric | $103,544.00 |
| Dept. of Air Force Renovate Marcent Ops Building Project (Bond No. 929581526) | Sabal Construction | $79,680.00 |
| Dept. of Air Force Renovate Marcent Ops Building Project (Bond No. 929581526) | VSC Fire & Security | $3,608.00 |
| Fort Custer Building 2410, Michigan (Bond No. 929581527) | Doug Dysert Poured Walls | $40,000.00 |
| Fort Custer Building 2410, Michigan (Bond No. 929581527) | Electrical Construction, Inc. | $9,909.00 |
| Fort Custer Building 2410, Michigan (Bond No. 929581527) | James J. Fulton & Sons | $19,800.00 |
| Fort Custer Building 2410, Michigan (Bond No. 929581527) | Patterson Plumbing | $16,020.00 |
| Fort Custer Building 2410, Michigan (Bond No. 929581527) | RW LaPine | $35,100.00 |
| Fort Custer Building 2410, Michigan (Bond No. 929581527) | SSOE | $30,320.00 |
| Camp Grayling Building 1158 Project, Michigan (Bond No. 929581528) | Dunn Rite Construction | $269,842.00 |
| Camp Grayling Building 1158 Project, Michigan (Bond No. 929581528) | SSOE | $26,688.00 |
| Camp Grayling Building 1182 Project, Michigan (Bond No. 929581529) | Dunn Rite Construction | $142,090.00 |
| Camp Grayling Building 1182 Project, Michigan (Bond No. | SSOE | $24,883.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| 929581529) | | |
| Dept. of Air Force Paint Safety Markers on Hanger Doors Project (Bond No. 929581530) | National Engineering & Repair Co. | $185,800.00 |
| Fort Custer Building 2420, Michigan (Bond No. 929581531) | Doug Dysert Poured Walls | $40,000.00 |
| Fort Custer Building 2420, Michigan (Bond No. 929581531) | Electrical Construction, Inc. | $9,273.00 |
| Fort Custer Building 2420, Michigan (Bond No. 929581531) | James J. Fulton & Sons | $7,172.00 |
| Fort Custer Building 2420, Michigan (Bond No. 929581531) | RW LaPine | $30,510.00 |
| Fort Custer Building 2420, Michigan (Bond No. 929581531) | SSOE | $27,520.00 |
| Corps of Engineers NRI Roof Repairs Project (Bond No. 929581534) | ABC Supply | $101,328.00 |
| Corps of Engineers NRI Roof Repairs Project (Bond No. 929581534) | Hinkle Roofing | $88,897.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | American Roll-Up Doors | $40,747.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | Bates Electric | $44,767.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | Deluxe Systems of Florida | $67,018.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | Florida Industrial Plumbing | $29,016.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | French's Air Conditioning | $93,532.00 |

| Project | Claimant | Amount Paid by Western |
|---|---|---|
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | J. Herbert Corporation | $80,712.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | Matcon Construction Services | $77,730.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | PSI | $6,144.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | Sabal Construction | $70,443.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | Sensidyne | $11,821.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | Trident Building Systems | $95,940.00 |
| Renovations at AMSA Tampa Project, Tampa, FL (Bond No. 929581535) | VSC Fire and Security | $17,164.00 |
| Corps of Engineers Levee Pump Station 7 Project (Bond No. 929581536) | Magruder Construction | $87,098.00 |
|  | TOTAL: | $7,613,463.86 |

Thus, to date, the total payments made to Claimants as of February 10, 2016 as a result of the defaults by FutureNet Group equals $7,613,463.86 as of February 10, 2016 (hereinafter referred to collectively as the "Bond Claim Payments").

21.     As a result of the Claims against the Bonds and as a result of having issued the Bonds, Western has incurred costs and expenses, including, without limitation, professional fees in an amount in excess of $185,720.97 (hereinafter referred to collectively as the "Expense Loss").

22.     To date Western has been able to recover $1,773.00 to offset some of the cost, expense and loss it has incurred to date (hereinafter "Loss Recovery").

23.     The Bond Claim Payments, the Open Payment Claims and the Expense Loss, less the Loss Recovery, is hereinafter referred to as the "Loss."

24.     Under the Indemnity Agreement, the Indemnitors agreed jointly and severally to indemnify and hold Western harmless from and against all claims and liability Western may incur as a result of having executed the Bonds:

> 3.     Indemnity.   Indemnitors agree and covenant that they shall:
>
> a.     upon demand indemnify and save the Surety harmless from and against any Loss which the Surety may pay or incur.  In the event of any payments made by the surety in the  good faith belief of their necessity, the Indemnitors agree to accept the voucher or other evidence of such payments as *prima facie* evidence of the propriety thereof, and of the Indemnitors' liability therefore to the Surety; and
>
> b.     deposit with the Surety on demand collateral security in an amount and kind satisfactory to the Surety in its sole discretion whenever the Surety shall

reasonably determine that such collateral is necessary to protect it from Loss whether or not the Surety has made any payment.  The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any Loss for which the Indemnitors would be obligated to indemnify the Surety under the terms of this Agreement.  If for any reason the Surety shall deem it necessary to increase the amount necessary to protect it from Loss, the Indemnitors shall deposit with the Surety, immediately upon demand, a sum of money equal to any increase thereof as collateral security to the Surety for such Loss.  Any unused collateral security shall be returned to the depositing Indemnitors when the Surety determines, in its sole discretion, that the collateral security is no longer necessary to protect it from Loss. The Surety has no duty to invest or pay interest on the deposit.

Exhibit A at ¶3.

25.    The indemnity provided for in the Indemnity Agreement includes the amount of any claims, but also includes, among other things, "all expenses of investigation of a claim, demand or suit and all expense attendant to claims and investigation, including consultant and attorneys' fees.  Exhibit A at ¶1.

26.    Under the Indemnity Agreement, the Indemnitors agreed, jointly and severally, among other things, to deposit with Western on demand collateral in an amount and kind satisfactory to Western in its sole discretion to protect Western from Loss, as defined in ¶1 of the Indemnity Agreement, whether or not Western has made any payment.

27.     On September 28, 2015 and February 8, 2016, Western made demands (hereinafter referred to collectively as the "Demands") to all of the Indemnitors, demanding payment and collateral in the amount of $8,250,000.00 on February 8, 2016, all in accordance with the requirements of the Indemnity Agreement.  Copies of the Demands are attached as Exhibit C.

28.     Pursuant to the terms of the Indemnity Agreement, among other things, upon the occurrence of an event of default as defined by the Indemnity Agreement, the Indemnitors assigned, transferred and set over to the surety all of their rights under the Bonded Contracts, as well as any and all sums due under the Bonded Contracts or which may thereafter become due.  Exhibit A, ¶9.

29.     The Indemnitors also agreed that any money earned on any Bonded Contract was held in trust, actual, equitable or constructive, for the completion of the Bonded Contracts and for the payment of the Indemnitors' obligations in connection with the Bonded Contracts.  In the event of a default, the Indemnitors were to deposit all Bonded Contract funds constituting trust funds in trust accounts for the benefit of Western.  Exhibit A, ¶11.

30.     As security for their obligations under the Indemnity Agreement, the Indemnitors granted Western a security interest in "all property, rights and assets of the Indemnitors …," among other things.

31.     Notwithstanding the unambiguous terms of the Indemnity Agreement, the Indemnitors failed and refused to indemnify and hold harmless, and provide collateral to, Western with respect to loss and exposure to liability and loss resulting from having furnished the Bonds.

32.     Notwithstanding the terms of the Indemnity Agreement and the fact that all contract funds from the Projects bonded by Western were trust funds, to be held in trust for the benefit of Western, the Indemnitors assigned some or all of those funds to Capital and, upon information and belief, Capital has received and retained certain of such funds, in violation of the terms of the Indemnity Agreement and the Trust.

33.     Pursuant to the Indemnity Agreement, the Indemnitors assigned, and also granted to Western, a security interest in certain assets, which assignment and security interests were perfected by Western,   Exhibit A, Indemnity Agreement; Exhibit D, UCC-1.

## COUNT I
## BREACH OF CONTRACT

34.     Western incorporates by reference the allegations set forth in paragraphs 1 through 33 as though fully set forth here.

35.     Pursuant to the Indemnity Agreement, the Indemnitors are obligated to indemnify Western from and against every claim, demand, liability, cost,

charge, suit, judgment and expense which Western may pay or incur in consequence of having executed, or procured the execution of bonds. Exhibit A, ¶1, 3.

36.     Pursuant to the Indemnity Agreement, upon demand, as soon as claims or even potential liability is asserted against Western, the Indemnitors are obligated to pay to Western collateral security in the amount deemed sufficient by Western.  Exhibit A at ¶3.

37.     The Indemnitors have materially breached the Indemnity Agreement by:  (1) failing to indemnify and hold Western harmless from actual and potential liability on the Bonds; and (2) failing to place with Western funds in an amount deemed necessary by Western to secure it from all exposure to liability on the Bonds and to reimburse Western for related losses Western has incurred or may incur.

38.     Western has been damaged by the Indemnitors' material breach of the Indemnity Agreement.

39.     The Indemnitors, upon information and belief, have also breached their obligations to Western by failing to hold the Bonded Contract proceeds in trust solely for the benefit of Western and by failing to protect and/or disposing of

the collateral in which Western has a perfected security interest, all of which have also damaged Western.

40.     Upon information and belief, Capital has received funds which are impressed with a Trust and is under an obligation to return them.

WHEREFORE, Western prays that this Court enter a judgment in favor of Western and against Indemnitors, jointly and severally, in an amount in excess of $75,000.00, together with interest, costs, expenses and attorney fees, and further requiring the Indemnitors to pay $8,250,000.00 to Western to secure it from Loss and potential liability, together with such additional amounts which may be determined to be necessary, and grant such other and further relief as this Court deems just and equitable.

## COUNT II
## EXONERATION AND *QUIA TIMET*

41.     Western incorporates by reference the allegations set forth in paragraphs 1 through 40 as though fully set forth here.

42.     The Indemnitors owe Western the duty of exoneration, which requires the Indemnitors to perform their obligations before Western is called upon to perform its obligations under the Bonds.    Additionally, the Indemnity Agreement requires the Indemnitors to deposit collateral security with Western in

the amount of any reserve that Western deems sufficient to secure Western from and against potential bond exposure and losses.

43.     Western is entitled to the common law remedy known as *quia timet*, which remedy secures a surety from loss when it appears that the principal is reasonably likely to fail or refuse to perform or to protect the surety from loss.

44.     The Indemnitors have materially breached the Indemnity Agreement by:  (1) failing to indemnify and hold Western harmless from all Loss incurred by Western and liability asserted against Western as a result of having executed the Bonds; and (2) failing to deposit with Western collateral security to secure it from all Bond exposure and Loss.

45.     Western is entitled to be reimbursed for all loss Western has suffered by reason of having executed the Bonds, including attorneys' and consultants' fees.  Western is further entitled to be fully secured by the Indemnitors with respect to such losses, claims, and expenses which have been incurred or which may be incurred in the future.  Unless the injunctive relief requested in Count IV below is granted, the Indemnitors are likely to sell, transfer, dispose of, lien, secure, or otherwise encumber their assets from being used to discharge their obligations to exonerate, collateralize and indemnify Western, all to Western's irreparable harm.

46.     Western lacks an adequate, speedy remedy at law to secure its right of exoneration from the Indemnitors and will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

WHEREFORE, Western prays this Court enter an order of judgment against Indemnitors, jointly and severally, in an amount in excess of $75,000.00, together with an award for Western's costs, expenses and attorney fees, and require all of the Indemnitors, jointly and severally, to pay to Western $8,250,000.00 to protect Western from losses (including the Loss) it has or may sustain because of having furnished the Bonds, together with such additional amounts as may become known or necessary, and grant the equitable and injunctive relief requested herein and any such other relief as this Court deems just and equitable.

## COUNT III
## SPECIFIC PERFORMANCE OF THE INDEMNITY AGREEMENT

47.     Western incorporates by reference the allegations set forth in paragraphs 1 through 46 as though fully set forth here.

48.     Western as surety and the Indemnitors have validly agreed that the Indemnitors will pay collateral security to Western as soon as Western demands collateral.  Exhibit A, ¶3.

49.     Pursuant to the Indemnity Agreement, the Indemnitors have agreed that Western has a security interest in all "property rights and assets" of the Indemnitors.  Exhibit A at ¶10.

50.     Pursuant to the Indemnity Agreement, the Indemnitors agreed that all Bonded Contract proceeds were trust funds and were to be held in trust in special accounts for the benefit of Western and also assigned all Bonded Contract proceeds to Western.

51.     Pursuant to the Indemnity Agreement, the Indemnitors have agreed that Western has "the exclusive right and power to determine for itself and the Indemnitors and Principals whether any claim, suit or assertion of liability against the Surety or the Principal upon any bond shall be settled, compromised, tendered, or defended.  The Surety's decision in such regard shall be binding and conclusive upon the Indemnitors.  Exhibit A at ¶5.

52.     The Indemnitors have agreed that Western shall have substantial access to information regarding the Indemnitors' business and financial affairs. Exhibit A at ¶6.

53.     To date, the Indemnitors have failed to comply with their obligations under the Indemnity Agreement, including, but not limited to, by

failing to hold in trust the Bonded Contract proceeds and failing to protect and/or by disposing of the assets in which Western has been granted a valid and perfected security interest.

54.     All funds received by Capital from Projects bonded by Western are impressed with a trust, pursuant to the terms of the Indemnity Agreement, and Western has been damaged by Capital receiving and retaining those funds.

55.     Western lacks an adequate remedy at law and will suffer irreparable harm if the relief sought is not granted.

WHEREFORE, Western prays this Court enter an order of judgment against Indemnitors, jointly and severally, in an amount in excess of $75,000.00, together with an award for Western's costs, expenses and attorney fees, and require all of the foregoing Indemnitors, jointly and severally, to pay to Western $8,250,000.00 to protect Western from losses, including the Loss, it has or may sustain because of having furnished the Bonds, together with such additional amounts as are deemed necessary by Western, and grant the equitable and injunctive relief requested herein and any such other relief as this Court deems just and equitable.

Western further prays that this Court enter judgment in its favor and against Capital in an amount equal to all funds taken by Capital from Projects bonded by Western and order Capital to provide a full and accurate certified accounting of all

such funds.

## COUNT IV
## TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

56.    Western incorporates by reference the allegations set forth in paragraphs 1 through 55 as though fully set forth here.

57.    By the express provisions of the Indemnity Agreement and by virtue of the equitable doctrines of exoneration and *quia timet*, Western is entitled to have the Indemnitors place funds or other security with it that Western deems sufficient to cover the above-described claims, losses, and/or expenses (including the Loss) related to the Bonds, as well as to provide protection against potential losses.

58.    If the Indemnitors are allowed to deplete, divert, or otherwise transfer funds and assets, Western will not be adequately secured for its obligations prior to resolving the pending claims under the Bonds or before incurring further Bond expenses.

59.    Unless preliminary injunctive relief is granted, Western will not be adequately secured for its obligations prior to resolving the pending claims under the Bonds or for incurring further Bond expenses.  Further, unless preliminary injunctive relief is granted, the Indemnitors' assets are likely to be sold,

transferred, disposed of, liened, or otherwise diverted instead of being rightfully used to discharge the Indemnitors' obligations to exonerate and indemnify Western, all to Western's irreparable harm.

WHEREFORE, Western respectfully requests that, upon separate motion, this Court grant the following the preliminary relief requested below:

## **Preliminary Injunction**

A.   An order requiring the Indemnitors to show cause why the relief demanded herein should not be granted; and

B.   The issuance of a Preliminary Injunction which includes the following:

  1.   An Order requiring Indemnitors to provide Western a full and complete accounting of all assets owned by them or in which they have an interest;

  2.   An Order requiring Indemnitors to allow Western and/or its agents full and complete access to all financial books, records, and accounts maintained by Indemnitors;

  3.   An Order requiring Indemnitors to place with Western the initial amount of $8,250,000.00 in funds by money, property, or liens or security interests in property, and any additional amount determined by Western to be necessary as security for its obligations under the Bonds;

  3.   An Order enjoining and restraining Indemnitors from selling, transferring, disposing of, or liening their assets and property and further enjoining and restraining Indemnitors from allowing their assets and property to be liened, unless and until Western shall receive the funds requested in paragraph 3 above;

5.  An order determining the rights, claims, liens and priorities of the parties in this action in and to the assets of the Indemnitors and upon such determination, an Order granting a lien upon all assets and property to which Western has a right, including realty and personalty owned by Indemnitors, and property in which any one or more of the Indemnitors have an interest, including, without limitation, all interests in bonds, securities, companies, and other investments.  Western requests that such lien remain in effect unless and until Western shall receive the funds requested in paragraph 3 above and further order of this Court;

6.  An Order requiring Indemnitors to indemnify and exonerate Western for all liabilities, losses and expenses incurred by Western as a result of Western having executed the Bonds;

7.  An Order granting Western judgment for all costs, including attorney and consultant fees incurred as a result of having issued the Bonds, together with an award of interest on all amounts paid by Western;

8.  An Order requiring Indemnitors to turn over to Western all financial, business, and project books, records, and accounts maintained by them;

9.  An Order requiring Capital to disclose all funds it has received from Projects bonded by Western and requiring Capital to turn all such funds over to Western and requiring it to complete an accurate accounting, which includes each amount, the date received, and the source, of all funds it has received from, by or through any of the Indemnitors, including as the result of any assignments and including all documents and records evidencing, referencing and/or relating to all of the foregoing and

10. Such other relief as this Court deems just and equitable.

## COUNT V
## DECLARATORY JUDGMENT

60.     Western incorporates by reference the allegations set forth in paragraphs 1 through 59 as though fully set forth here.

61.     Pursuant to the Indemnity Agreement, the Indemnitors are obligated to indemnify Western from and against every claim, demand, liability loss, cost and expense which the Surety may pay, sustain or incur in consequence of having executed or procured the execution of bond(s), or to enforce the rights of Western to collateral.  Exhibit A at ¶1, 3.

62.     The Indemnitors are obligated to furnish Western access to the Indemnitors' books and records.  Exhibit A at ¶6

63.     The Indemnitors have breached their obligations under the Indemnity Agreement by failing to indemnify and hold Western harmless from potential liability resulting from having furnished the Bonds and by failing to provide collateral to protect Western from contingent bond exposure.

64.     28 U.S.C. § 2201 provides that the court may make binding declarations of rights in cases of actual controversy.

65.     The instant cause involves an actual controversy regarding the obligations of the Indemnitors under the Indemnity Agreement.  It is appropriate

that this Court issue a declaratory judgment regarding the parties' respective rights and obligations under the Indemnity Agreement because a binding declaration by this Court as to each party's rights and obligations under the Indemnity Agreement would serve to terminate any question of who is obligated to indemnify Western and clarify Western's rights to certain property as security.

WHEREFORE, Western respectfully requests that this Court grant the following relief:

A. Enter an order declaring that Indemnitors, jointly and severally, are liable to Western under the Indemnity Agreement for all losses (including the Loss) Western incurs as a result of the issuance of the Bonds;

B. Enter an order declaring that pursuant to the terms of the Indemnity Agreement, Western has the following rights:

1. Western has the right to settle or compromise any claim, liability, demand, suit or judgment upon the Bonds at issue and such settlement or compromise shall be binding on the Indemnitors. Any vouchers or other evidence of payment shall be prima facie evidence of the fact and amount of the Indemnitors' liability;

2. Western has the right to access such information as Western requests concerning Indemnitors and/or the activities and property of each, including all books and records maintained or possessed by Indemnitors, and Indemnitors are obligated to provide Western such information;

3. The Indemnitors are obligated to post payment or other collateral in the amount of $8,250,000.00 to protect Western's interests against any claim(s) against the Bonds, including the

claims by the various suppliers and subcontractors, and the claims by the various owners, together with amounts necessary to cover all of Western's costs, expenses, and attorney fees.

4.      The right to all payments and proceeds from Bonded Contract Projects until such time as Western has been paid in full, including those received by Capital.

5.      The right to have Bonded Contract proceeds from the Projects bonded by Western held in trust for the sole benefit of Western until Western's Losses have been paid in full.

WHEREFORE, Western prays this Court grant the relief requested in Counts I, II, III, IV and V of this Complaint, and such other relief as the Court determines is just and equitable.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By:  s/Mark M. Cunningham
    Mark M. Cunningham (P38408)
Attorneys for Plaintiff Western Surety Company
500 Woodward Ave., Suite 2500
Detroit, MI  48226
(313)  961-0200
mcunningham@kerr-russell.com

Dated:  March 23, 2016